UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RECARO NORTH AMERICA, INC.,**

     **Plaintiff,**                         **CIVIL ACTION NO. 09-12256**

  vs.

                                     **DISTRICT JUDGE MARIANNE O. BATTANI**

**HOLMBERGS CHILDSAFETY CO.**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LTD., et al.,**

     **Defendants.**
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOCKET NO. 50)

This matter comes before the Court on Plaintiff's Motion To Compel Production of Documents. (Docket no. 50). Defendants filed a response. (Docket no. 62). Plaintiff filed a reply. (Docket no. 67). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 72). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 56). The Court heard oral argument on the motion on November 21, 2011. The motion is now ready for ruling.

On March 30, 2011 Plaintiff served its First Requests for Production of Documents, asking among other things for all relevant correspondence regarding A-locks, including Defendants' internal correspondence, correspondence with Global Products, Inc., and external communication with Plaintiff and other suppliers. In the present motion Plaintiff argues that Defendants failed to produce all relevant correspondence regarding the A-locks in response to their document requests. Plaintiff claims that they have evidence that Defendants' production is deficient because they have

in their possession correspondence with Defendants that Defendants themselves have not produced. It is Plaintiff's belief that there must be a sizeable number of documents that Defendants have not produced.

In their written motion Plaintiff argues that the following individuals may have relevant documents but were not included in Defendants' Rule 26(a) disclosures: Anders Sandell, Jan Ludvigsson, Therese Wilson, Torbjorn Browall, Christer Gyberg, Betty Chan, Kwok Kei Fung, and Cindy Yu. In addition, at the hearing on the instant motion, Plaintiff argued that Jan Gunnar Ahlqvist, Per-Ola Nilsson, Per-Arno Johansson, Erik Yong, and F. Chan may also have relevant information that has not been produced. Plaintiff further inquired whether Defendants searched for responsive documents in Chinese. Plaintiff asks the Court to order Defendants to supplement their Rule 26(a) disclosures to fully and accurately identify all individuals that were involved with the A-locks, search the non-electronic and electronic documents under the terms of the Electronic Discovery Agreement for each individual named in the supplemental Rule 26(a) disclosures, and produce all additional documents responsive to their First Requests for Production of Documents.

Defendants maintain that they have diligently searched for documents responsive to Plaintiff's discovery requests under the agreed upon search terms, and have produced all responsive documents within their possession, custody, and control. Nevertheless, Defendants are cognizant that additional responsive documents may have to be produced now that Plaintiff has filed a second amended complaint naming a new Defendant.

The Court will order Defendants to supplement their Rule 26(a) disclosures to fully and accurately identify all individuals that were involved with the A-locks. Defendants' supplemental disclosures should identify whether the following individuals have information relevant to this

lawsuit: Anders Sandell, Jan Ludvigsson, Therese Wilson, Torbjorn Browall, Christer Gyberg, Betty Chan, Kwok Kei Fung, Cindy Yu, Jan Gunnar Ahlqvist, Per-Ola Nilsson, Per-Arno Johansson, Erik Yong, and F. Chan.

The Court will also order Defendants to amend their responses to Plaintiff's First Requests for Production of Documents.  Defendants will be ordered to search the non-electronic and electronic documents under the terms of the Electronic Discovery Agreement for each individual named in their supplemental Rule 26(a) disclosures that has relevant information, and produce all documents not previously produced that are responsive to Plaintiff's First Requests for Production of Documents.  For every individual named in their supplemental disclosures, Defendants must state in writing in their amended discovery responses that they have made a diligent, thorough search applying the terms of the Electronic Discovery Agreement and the individual either does not have responsive documents, or that Defendants have produced all responsive documents within their possession, custody, or control.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Production of Documents (docket no. 50) is **GRANTED IN PART** as follows:

A. On or before December 2, 2011 Defendants must serve written supplemental Rule 26(a) disclosures accurately identifying all individuals that were involved with the A-locks, and stating in particular whether the following individuals have information relevant to this lawsuit: Anders Sandell, Jan Ludvigsson, Therese Wilson, Torbjorn Browall, Christer Gyberg, Betty Chan, Kwok Kei Fung, Cindy Yu, Jan Gunnar Ahlqvist, Per-Ola Nilsson, Per-Arno Johansson, Erik Yong, and F. Chan.

B. On or before December 14, 2011 Defendants must search the non-electronic and electronic documents under the terms of the Electronic Discovery Agreement for each individual named in their supplemental Rule 26(a) disclosures that has relevant information, and produce all documents not previously produced that are responsive to Plaintiff's First Requests for Production of Documents.

C. Also on or before December 14, 2011 Defendants must serve amended responses to

3

Plaintiff's First Requests for Production of Documents, stating in writing for every individual named in their supplemental disclosures that they have made a diligent, thorough search applying the terms of the Electronic Discovery Agreement and the individual either does not have documents responsive to Plaintiff's First Requests for Production of Documents, or that Defendants have produced all responsive documents within their possession, custody, or control. Defendants must include a statement disclosing whether they searched for responsive documents in Chinese and if not, why not.

D.  Plaintiff's request for attorney fees and costs incurred in connection with this motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: 11/22/11                s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: 11/22/11                s/ Lisa C. Bartlett
                               Case Manager