UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RECARO NORTH AMERICA, INC.,**

      **Plaintiff,**                        **CIVIL ACTION NO. 09-12256**

  vs.

                                            **DISTRICT JUDGE MARIANNE O. BATTANI**

**HOLMBERGS CHILDSAFETY CO.**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LTD., et al.,**

      **Defendants.**
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE (DOCKET NO. 57)

      This matter comes before the Court on Plaintiff's Motion To Compel Depositions Under The Federal Rules Of Civil Procedure. (Docket no. 57). Defendants filed a response. (Docket no. 68). Plaintiff filed a reply. (Docket no. 70). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 73). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 58). The Court heard oral argument on the motion on November 21, 2011. The motion is now ready for ruling.

      On September 1, 2011 Plaintiff served notices to take the depositions of Swedish Defendant Gnosjö-Gruppen AB and Hong Kong, China Defendant Holmbergs Childsafety Co. Ltd pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition notices demand that Defendant Gnosjö-Gruppen AB and Defendant Holmbergs Childsafety Co. Ltd designate one or more corporate representatives to testify at depositions to be held in Detroit, Michigan on September 26 and September 28, 2011. (Docket no. 57, ex. 3).

1

In addition, Plaintiff served deposition notices for seven of Defendants' officers, directors, and/or managing agents under Federal Rule of Civil Procedure 30(b)(1) for depositions to occur at Defendants' counsel's office in Detroit, Michigan. (Docket no. 57, ex. 3). The seven deponents are Cliff Ho, General Manager of Holmbergs Childsafety Co. Ltd.; Dick Cheung, Senior Quality Manager of Holmbergs Childsafety Co. Ltd.; Terence Tang, Engineering Manager at Holmbergs Childsafety Co. Ltd.; Matz Larsson, Defendants' Managing Director; Kwok Kei Fung, Quality Engineer at Holmbergs Childsafety Co. Ltd.; Oskar Skiold, Defendants' Sales Manager; and Bo Isacson, Chief Financial Officer and Director of the Board of Gnosjö-Gruppen AB. Defendants object to the taking of the depositions in Michigan under the Federal Rules, requesting instead that they proceed in the respective country of each deponent under the provisions set forth in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

As a general rule, absent special circumstances the deposition of a corporate officer or representative should take place at the corporation's principal place of business. *El Camino Res. Ltd. v. Huntington Nat'l Bank*, No. 07-CV-598, 2008 WL 2557596, at *3 (W.D. Mich. June 20, 2008). Likewise, the deposition of a non-resident defendant is ordinarily conducted at the defendant's place of residence. *Steppe v. Cleverdon*, No. 06-144, 2007 WL 6831006, at *2 (E.D. Ky. July 25, 2007). Rule 28(b), Fed. R. Civ. P., permits depositions to be taken in foreign countries, under the following circumstances (1) pursuant to an applicable treaty or convention, such as the Hague Convention on the Taking of Evidence, (2) under a letter of request, whether or not captioned as a letter rogatory, (3) on notice before a person authorized to administer oaths in the place where the examination is to be held, or (4) before a person commissioned by the court to administer oaths and take testimony. Fed. R. Civ. P. 28(b).

"Depositions of officers, directors, or managing agents of a party corporation may be taken by noticing the deposition of that particular person pursuant to Federal Rule of Civil Procedure 30(b)(1)." *Stacey v. ZF Lemforder Corp.*, No. 05-CV-72777, 2007 WL 201018, at *1 (E.D. Mich. Jan. 23, 2007) (citations omitted). If a corporate employee or agent does not qualify as an officer, director, or managing agent, he is not subject to deposition by notice. Instead, under these circumstances if the witness is overseas, "the procedures of the Hague Convention or other applicable treaty must be utilized." *Id*. Defendants do not argue that the Rule 30(b)(1) deponents at issue are not officers, directors, or managing agents of the Defendants. Consequently, these deponents are subject to deposition upon notice under the Federal Rules.

As seen under Rule 28(b), the Hague Convention on the Taking of Evidence Abroad provides merely one method a court may utilize to facilitate the gathering of evidence. The Hague Convention is not mandatory and does not provide the exclusive method for gathering evidence. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Instead, a court should utilize Hague Convention procedures if doing so will promote the gathering of evidence. *Id*. Courts considering whether the procedures of the Hague Convention should be utilized to obtain foreign discovery should consider: (1) the facts of the case, particularly with regard to the nature of the discovery requested; (2) the sovereign interests in issue; and (3) the likelihood that the Convention procedures will prove effective. *Id*. at 543-44. In many situations, application of the Hague Convention procedures will prove to be "unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules." *Id*. at 542.

In arguing for application of the Hague Convention, Defendants contend that there is no mechanism outside of the Hague Convention under which the Swedish and Hong Kong corporate Defendants can compel their employees to appear for Rule 30(b)(6) and Rule 30(b)(1) depositions in this lawsuit.  Defendants maintain that under the Hague Convention, the Swedish and Hong Kong courts will oversee and help facilitate the depositions.  They contend that without that oversight there are no consequences that can be imposed against unwilling corporate deponents, and no way to protect the corporate Defendants if unwilling employees refuse to be deposed.  In other words, there is no way to ensure that the depositions go forward under the Federal Rules.  Defendants contend that if this Court concludes that the depositions should be taken in Sweden and Hong Kong under the Federal Rules, the noticed deponents at issue will be involuntary.  (Docket no. 82).

Plaintiff filed this case in June 2009 and since that time the parties have proceeded under the Federal Rules of Civil Procedure without incident.  While Defendants maintain that they raised the issue of the Hague Convention and application of foreign law in October 2010, there is no dispute that they did not raise that issue in relation to depositions.  Furthermore, even after Defendants allegedly raised the issue of the Hague Convention, the parties continued to operate under the Federal Rules without protest.  Now, more than two years after this case was filed and with fact discovery set to close on December 30, 2011, Defendants for the first time raise the Hague Convention with regard to these depositions, having been perfectly satisfied to proceed under the Federal Rules in all other discovery matters.  Deponents at issue in this case are not disinterested third parties, but instead with the exception of one, are all listed on Defendants' witness list. Additionally, Defendants relied on the declarations of two of the named deponents for support of their motion to dismiss on jurisdictional grounds.

In a previous order the Court found that Plaintiff has alleged facts to suggest that Defendants sold their products worldwide, but maintained an exclusive American sales agent that traveled to Michigan and intentionally sought out Plaintiff's business in Michigan, directly soliciting and indirectly supplying Plaintiff with A-locks. (Docket no. 20). The Court further found that Michigan has a strong public interest in protecting its corporate citizens from defective, foreign manufactured equipment. (Docket no. 20). In keeping with that order, it is this Court's opinion that Plaintiff's counsel has a compelling interest in conducting the depositions of Defendants' witnesses in this case. While Defendants contend that Plaintiff's counsel could conduct these depositions overseas, or at least request that they be permitted to conduct the depositions, affidavits submitted by Defendants reveal that the Court cannot be assured that Swedish and Hong Kong authorities will approve a request for depositions and permit the depositions to go forward, let alone agree that Plaintiff's counsel should be permitted to conduct the depositions themselves.

On balance, the facts of this case weigh in favor of application of the Federal Rules of Civil Procedure to these Rule 30(b)(6) and Rule 30(b)(1) depositions. As for where the depositions should occur, the Court finds that special circumstances exist in this case that warrant conducting the depositions in Michigan. Defendants have informed the Court that the deponents will be involuntary witnesses if this Court rules that the Federal Rules of Civil Procedure apply, and that Defendants cannot be certain they can secure the witnesses' attendance at overseas depositions. (Docket no. 82). That being the case, it makes little sense to order Plaintiff's counsel to travel overseas for the depositions. Plaintiff's counsel may notice the depositions to proceed in Michigan, provided they pay the travel expenses, including reasonable airfare, hotel, food, and rental car expenses if needed for each deponent.

Next, Plaintiff seeks an extension of the seven-hour rule of Federal Rule of Civil Procedure 30(d)(1) for the two Rule 30(b)(6) depositions, asking instead that they be permitted fourteen hours for each deposition or a total of twenty-eight hours. Plaintiff justifies this request by arguing that they only intend to schedule nine of their allotted fifteen depositions. Plaintiff has not demonstrated that they will require an interpreter for the depositions or that extra time is needed in order to fairly examine the deponents, nor has Plaintiff shown that the deponents or any other person will impede the depositions. Fed. R. Civ. P. 30(d)(1). The Court will deny Plaintiff's request for an extension of the seven-hour rule.

Finally, the parties ask for an extension of the fact discovery deadline, which is presently set to close on December 30, 2011. The Court will grant the parties an extension, setting the close of fact discovery on January 31, 2012. The deadline for naming experts will be extended from January 2, 2012 to February 3, 2012. The deadline for exchanging expert reports for Plaintiff will be extended from January 31, 2012 to February 8, 2012. All other dates in the October 18, 2011 Stipulated Order Extending Scheduling Order Dates (docket no. 71) will remain unchanged.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Depositions Under The Federal Rules Of Civil Procedure (docket no. 57) is **GRANTED IN PART** as follows:

- A. Plaintiff will renotice in writing the Rule 30(b)(6) depositions at issue and the Rule 30(b)(1) depositions of Cliff Ho, Dick Cheung, Terence Tang, Matz Larsson, Kwok Kei Fung, Oskar Skiold, and Bo Isacson. The depositions will take place in accordance with the Federal Rules of Civil Procedure and will be held in the Detroit, Michigan area at a date and time mutually agreeable to the parties. Plaintiff must pay in full the reasonable travel expenses for each deponent, including airfare, hotel, food, and rental car expenses if needed.

- B. The deadline for fact discovery is extended from December 30, 2011 to January 31, 2012. The deadline for naming experts is extended from January 2, 2012 to February 3, 2012. The deadline for exchanging expert reports for Plaintiff is extended from January 31, 2012 to February 8, 2012. All other dates in the October 18, 2011

      Stipulated Order Extending Scheduling Order Dates (docket no. 71) remain unchanged.

C.     Plaintiff's request for an extension of the seven-hour rule of Federal Rule of Civil Procedure 30(d)(1) is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 22, 2011       s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 23, 2011       s/ Lisa C. Bartlett
                                         Case Manager