UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RECARO NORTH AMERICA, INC., a Michigan corporation,

        Plaintiff,

v.

HOLMBERGS CHILDSAFETY CO., LTD., f/k/a Kendrion Safety Functions, Ltd., a Hong Kong corporation, and GNOSJÖ-GRUPPEN AB, f/k/a Kendrion Automotive Metals, AB, a Swedish corporation,

        Defendants.
_____/

CASE NO. 09-12256

HON. MARIANNE O. BATTANI

**ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Before the Court is Plaintiff's Objection to the Magistrate Judge's June 8, 2012 Order Granting in Part Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. No. 143), and Defendants' Objection to the Magistrate Judge's June 8, 2012 Order Granting in Part Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. No. 154). The Court has reviewed all the filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(1). For the reasons that follow, the Court **DENIES** the Objections.

**I.    STATEMENT OF FACTS**

Recaro North America Inc.'s ("Recaro") lawsuit arises out of the recall and replacement of a metal, spring-loaded adjuster used in child safety seats, known as an A-lock. Defendant Gnosjö-Gruppen AB, includes an automotive supplier division and a child

safety division. Defendant Holmbergs Childsafety Co., LTD ("Holmbergs Hong Kong") manufactured the component parts for and assembled the A-locks used in the child safety seats recalled. Defendant Holmbergs Childsafety AB ("Holmbergs Sweden") also is engaged in the business of child safety products and designed the A-locks at issue in this case.

Plaintiff filed a Motion for Leave to File a Third Amended Complaint, requesting permission to add as a defendant, Holmbergs Childsafety Holding AB ("Holmsbergs Holding"). The Court referred the motion to Magistrate Judge Mona K. Majzoub. She heard oral argument on the motion and allowed Plaintiff to add the Defendant, but limited the Third Amended Complaint to the extent that it must "track[ ] the language of the Second Amended Complaint except for the addition of Holmbergs Childsafety holding AB as a party-defendant." (Doc. No. 142 at 2).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A) the Court may reconsider a pretrial order where the objecting party shows it is "clearly erroneous or contrary to law." A finding is clearly erroneous when a review of the entire evidence leaves the reviewing court "with the definite and firm conviction that a mistake has been committed." Brooks v. Tennessee, 626 F.3d 878 (6th Cir. 2010) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

The Court first addresses Defendants' objection to the Order. According to Defendants, the Order is clearly erroneous because the Court lacks personal jurisdiction

2

over Holmbergs Holding. Further, Holmsbergs Holding is a necessary and indispensable party under Rule 19, so in the absence of personal jurisdiction, the case must be dismissed.

Even if Defendants are correct, the merits of their position is not before the Court. According to Defendants, they filed the objection "for the purpose of avoiding any sort of waiver argument with respect to the lack of personal jurisdiction over Holmsbergs Holding, to the extent a challenge to personal jurisdiction is made at the appropriate time." (Doc. No. 154 at 1-2). Consequently, the objection does not advance a challenge at this time; it merely seeks to preserve the opportunity to contest personal jurisdiction when responding to the Third Amended Complaint. The Court agrees that Defendants have not waived this issue, and directs its attention to the arguments raised in Plaintiff's objection to the Order.

Recaro contends it should have been allowed to amend its complaint to clarify the bases of the breach of contract claim and claim for attorney fees. The Court disagrees.

Notably, in its motion for leave to amend, Recaro did not request permission to add or delete allegations. Instead, it acknowledged in its brief in support of the motion that "some factual revisions based on information learned during discovery" were included in the proposed Third Amended Complaint. (See Doc. No. 122, at 5 n.2). At oral argument, Defendants brought these revisions to the attention of the Magistrate Judge, and asserted that if the changes were made, additional fact discovery would be required. The Magistrate Judge denied Recaro's request to allow those changes to be made. (Doc. No. 142).

Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires, the decision whether to permit amendment of a complaint is within the court's discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  A court may deny leave to amend based on a movant's undue delay or prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962).  This Court is satisfied that those two factors support the Magistrate Judge's order.

This case is over three-years old, and fact discovery closed on March 30, 2012. Dispositive motions are due on or before August 24, 2012, and this case has a firm trial date of November 27, 2012.  Even given the liberal standard, Recaro has not made the case to allow amendment.  Nor has it established good cause for the delay sufficient to alter the scheduling order deadlines.  See Fed. R. Civ. P 16(b).  See, e.g., Shane v. Bunzl Distribution USA, Inc., No. 07-5738, 2008 WL 1896589 (6th Cir. April 30, 2008) (good cause not shown in request to amend complaint because amendment would amend discovery schedule).  The Sixth Circuit has noted that the window of opportunity to amend a complaint does not remain open forever.  Id.  After a pleading deadline has passed, a higher threshold for modifying a scheduling order exists.  See Leary v. Daeschner, 349 F.3d 888, 906-07 (6th Cir. 2003).  Under Rule 16, a modification of a scheduling order requires "good cause" and the "judge's consent."  Fed. R. Civ. P. 16(b)(4).

In light of the scheduling order in this case, the stage of the proceedings and the impeding dispositive motion cutoff date as well as governing legal authority, the Court finds that Recaro has failed to show the Magistrate Judge's ruling was clearly erroneous or contrary to law.

4

### IV. CONCLUSION

Accordingly, the Court **DENIES** the objections.

**IT IS SO ORDERED.**

<pre>                                    s/Marianne  O.  Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE</pre>

Date: July 17, 2012

### CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

<pre>                                    s/Bernadette M. Thebolt
                                    Case Manager</pre>